Norton Kent Clore et al., Individually and On Behalf Of All Others Similarly Situated, Plaintiffs-Appellants, v. Harry Fredman et al., Defendants-Appellees.

(No. 73-80; ▮▮▮▮▮▮▮▮▮

Third District—August 24, 1973.

*Rehearing denied September 17, 1973.*

914

STOUDER, J., concurring in part and dissenting in part.

Whitney D. Hardy, of Land of Lincoln Legal Assistance Foundation, of Danville, for appellants.

Herbert L. Fredman and Jeffrey J. Estes, both of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

We have previously considered one aspect of this appeal in the case of *Fredman v. Clore, ante,* p. 903. In that case we affirmed the action of the circuit court of Peoria County in refusing to dismiss the action of forcible entry and detainer instituted by the landlord Fredman against the Clores, the tenants, and also the trial court's refusal to consolidate the forcible entry and detainer action with a class action for declaratory judgment and injunctive relief filed by the Clores. We also affirmed the trial court's action in granting the landlord Fredman's motion for summary judgment in his favor against the Clores in the forcible entry action.

An adequate statement of the facts and proceedings which resulted in this appeal and in the appeal in the case of *Fredman v. Clore, ante,* p. 903 is set forth in the latter case.

We now have before us an appeal which raises not only the issues heretofore decided by us but in addition presents an additional issue.

This additional issue stems from Count II of the complaint of the Clores hereinafter referred to as the plaintiffs. In Count II the plaintiffs, individually and on behalf of other tenants occupying the apartment building in question, complain of the City of Peoria and Frank E. Naven, director of the Department of Environmental Development, by alleging that there has not been a compliance with the Housing Code of the City of Peoria in regard to making adequate inspections of the rental premises in question and that further after such inspections as were made there was a failure to adequately report violations. The plaintiffs alleged that Count II of their complaint is brought in the nature of an action in mandamus and they prayed that the Department of Environmental Development of the City of Peoria be ordered to continue accepting plaintiffs' rent and that the same be placed in escrow until further order of court. It was also prayed that the defendants be ordered to conduct a thorough inspection of the apartment building and that a determination be made whether the premises meet the minimum standards set forth in the Housing Code of Peoria and that such report of inspection and determination be filed with the trial court.

We should note that the plaintiffs had summons served on the landlord Fredman, the defendant Frank E Naven, Director of the Department of Environmental Development, and Robert O. Wright, City Manager of the City of Peoria.

The trial court also in this action granted the landlord Fredman's motion for summary judgment. A like motion for summary judgment filed on behalf of Frank E. Naven was granted and a motion to quash the summons served on Robert O. Wright, the City Manager, was granted on the grounds that he was not a proper party to receive service of process for the City of Peoria, nor was he properly made a party to the lawsuit.

It is this action of the trial court that the plaintiffs complain of and which we are concerned with in this appeal. It is the contention of the plaintiffs that the trial court erred in refusing to consolidate the instant case with the case of *Fredman v. Clore, ante,* p. 903. As we have stated, this court has ruled otherwise and therefore we need not further consider this contention. The plaintiffs also argue that the plaintiffs stated a prima facie case against all defendants and that this cause should be remanded to the trial court for further proceedings.

The plaintiffs present several arguments in opposition to the defendants' contention, to-wit, that plaintiffs do not have the requisite standing pursuant to chapter 24, section 11—13—15 of the Illinois Revised

Statutes to maintain this action; that an action in mandamus will not lie where the governmental functions sought to be performed have already been performed; that the plaintiffs have failed to exhaust the administrative remedies available to them under the local ordinances and that there was a complete failure on the part of the plaintiffs to present to this court anywhere in their brief any issue relating to the decision of the trial court in regard to Count II and therefore there has been an abandonment on appeal of the purported causes of action sought to be raised therein and further there has been an abandonment of any alleged error by the trial court in regard to Count II.

As to the defendant Fredman we need not in this opinion concern ourselves as to the correctness of the trial court's ruling when his motion for summary judgment was granted. We have already held that the trial court's action in *Fredman v. Clore, ante,* p. 903, should be affirmed and to now say that the granting of his motion for summary judgment in the instant case was erroneous would not only be inconsistent but would be contrary to the reasoning set forth in our prior opinion concerning these parties, which was derived from the same factual and procedural situation.

As to the defendant Naven and City Manager Robert O. Wright, we concur in their contention that the plaintiffs' failure to present to this court any issue in regard to the trial court's action as to Count II of their complaint constitutes an abandonment of any alleged error by the trial court.

■■  The plaintiffs make no mention in their brief of any error relating to Count II of their complaint. An examination of their brief in detail, *i.e.,* "The Nature of the Case, Points and Authorities, Issues Presented and Argument," fails to disclose any assignment of error on their part as to the trial court's action on Count II which sought relief against the defendant Naven and City Manager Wright. It is also to be noted that the plaintiffs' notice of appeal is of a general nature and fails to specify any particular error. Ordinarily the failure to urge or discuss an assignment of error will be considered an abandonment or waiver thereof, and an assignment of error will be regarded as waived and no consideration will be given to it where it is not argued or briefed. See Appeal and Error, 3 I.L.P., sec. 852, p. 110, and *City of Lawrenceville v. Maxwell,* 6 Ill. 42, 126 N.E.2d 671.

■■  There has been a failure of the plaintiffs to comply with Supreme Court Rule 341 (Ill. Rev. Stat., ch. 110A, sec. 341) in that the rule specifically requires an appellant to set forth in his brief a statement of the issue or issues presented for review. To hold that failure to comply with this requirement will constitute an abandonment of an assignment

of error may at first blush appear to be a harsh sanction, but upon reflection such a result should naturally follow, for to hold otherwise would seriously prejudice the appellee and be quite unfair to the trial court and the reviewing court. Neither the appellee or this court should have the burden of speculating as to what possible errors may have been committed. In the instant case the defendant Naven and the City Manager Wright have no way of knowing what issues they are confronting on appeal and thereby they have been deprived of the right to respond to arguments and authorities which should have been briefed by the plaintiffs. Appellees are not required to be placed in a position where they must be ready to present arguments and authorities to this court on every conceivable error that may have occurred in the trial court. It is fundamental that the appellant can claim error but if he does so he must comply with Supreme Court Rule 341, for failure to do so would be doing violence to the principles of judicial review.

■■ In the reply brief filed by the plaintiffs they call upon this court to examine the record in order to establish a determination as to the issues which they assign as error. Suffice to say neither this court nor the defendant-appellees should be required to ponder over the record and then indulge in conjecture in order to establish issues which in the first instance should have appeared in the plaintiff-appellant's brief. What occurred in the trial court may well be interpreted as a valid issue by one party while another might consider such a contention frivolous and without merit.

■■ It is our opinion that the plaintiffs have effected a total abandonment and waiver as to any alleged error committed by the trial court in its rulings upon Count II of their complaint.

For the reasons set forth the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

DIXON, J., concurs.

Mr. JUSTICE STOUDER concurring in part and dissenting in part:

If, as the majority holds, the trial court acted properly in dismissing Count I of the complaint, I agree that Count II was also properly dismissed, as the majority holds in this case. If Count I was improperly dismissed, as I believe it was, then it would follow that Count II should not have been dismissed since it is dependent upon and supplemental to Count I. Whether any relief could or should have been afforded by Count II depends on whether or not plaintiff was entitled to retain possession of the premises.

The majority holds the issues raised by Count I of the complaint and the errors urged respecting the trial court's dismissal of such Count have been conclusively disposed of by the reasoning in *Fredman v. Clore, ante,* p. 903. In such collateral case the majority of the court determined three issues; first, since the action was one for forcible entry and detainer, the defense of retaliation or ordinance violation was not a proper defense in such an action; second, as a matter of law the pleadings and affidavits were insufficient to infer either retaliation or violation of the ordinance; and third, the forcible entry and detainer action, even though filed subsequent to this action, should neither have been dismissed, heard after this action, or consolidated with this action. Since I dissented from the views of the majority in the collateral case referred to, I am also in disagreement with the majority of the court in this case to the extent the decision in the collateral case is relevant, pursuasive or controlling to the issues raised in this case. I should like to note, however, that the reasoning employed in the collateral case is not necessarily applicable to this case even though the result, *i.e.* granting plaintiff's claim that he is entitled to possession, does preclude a granting of part of the relief sought by Count I in this case, namely, the enjoining of defendant from instituting or maintaining a forcible entry and detainer action. Whether defendant's proposed defense in the collateral action was germane to the special purpose of a forcible entry and detainer action is not necessarily the issue to be determined where the tenant, as in this case, seeks to prevent his eviction in an independent and prior equitable action. Also, it may well be that whether the pleadings and affidavits disclose facts sufficient to sustain the defendant's cause of action, as in the instant case, presents a different posture so far as the facts are concerned in determining whether the defendant has any rights depending upon the application of the doctrine of retaliation or the violation of a city ordinance. Lastly, the fact the majority believes its decision in the collateral case is conclusive on the issues raised in this case would seem to add additional support to my position the cases should have at least been consolidated pursuant to section 51 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 51) or alternatively, this case should have been disposed of first as being the case filed first in point of time.